By the Court.*—Parker, J.
This is an appeal, by the relators, from an order made at special term, denying a motion for a mandamus to compel the defendant to file, in his office, “a certificate in writing,” made for the purpose of organizing a society for benevolent purposes, under the statute authorizing the incorporation of benevolent and other societies.
I am inclined to think the secretary of state was bound to file the certificate in this case. So much of the statute as affects this question, is as follows:
“ Any five or more persons of full age .... who shall desire to associate themselves for benevolent purposes, may make, sign, and acknowledge . . . and file in the office of the secretary of state .... *108 a certificate in writing, in which shall be stated the name and title by which such society shall be known in law, the particular business and objects of such society .... but such certificate shall not be filed, unless-by written consent and approbation of one of the justices of the supreme court,” &c. (Laws of 1848, ch. 319, § 1).
The certificate in this case, is one made, signed and acknowledged by five persons and more, who state therein that, pursuant to the aforesaid act, they do associate themselves together and form a body politic and corporate under the name of the “Mutual Reliance Societythat the object for which the said society is formed, is “ benevolent, by the association and co-operation of its members, by their contributions, and the contributions of others, to provide a relief fund; also to aid persons of moderate pecuniary resources, in obtaining from a reputable insurance company, insurance on their lives, and in maintaining the necessary payments on the same, and to secure to families of persons so insured, an immediate advance of funds, in case of death,” together with the other things required by the statute. The duty of the secretary of state, in filing the certificate, was merely ministerial. The statute, above cited, makes it so, when, it authorizes any five or more persons to file the certificate, having obtained the consent and approbation of a justice of the supreme court thereto.
The statute first provides that, “Any five or more persons, may, make, sign, acknowledge and file in the office of the secretary of state, a certificate in writing,” but then says: “ Such certificate shall not be filed unless by the written consent and approbation of one of the justices of the supreme court.”
This clearly implies that, having obtained such written consent and approbation, they may, absolutely, file the certificate ; and such, I think, is clearly the in *109 tent of the statute. I can see no other object of the provision requiring the consent and approbation of a justice of the supreme court. This is the only check upon the absolute right to file the certificate given by the first part of the section. That obtained, the right is complete. This seems to the plain meaning of the statute. The secretary of state is bound to file a certificate made, signed, and acknowledged by five or more persons, purporting to be for any of the purposes specified in the act, provided the written consent of a justice of the supreme court of the district in which the place of business or principal office of the association shall be located, indorsed thereon, shall have been obtained. Again, in this case, it cannot be said that the case is not within the act. The argument for the respondent is that the mode of conducting the business of the society is not necessarily benevolent and charitable ; still it may be entirely so, ■ and the fact that the operations of the society may be conducted on ordinary business principles, and not gratuitously, is no objection to the filing. When that occurs, and the ostensible benevolent purposes of the association are evaded, then proceedings to limit the operations to the appropriate objects, may be had.
I think the special term was wrong, and that the order appealed from should be reversed, and a mandamus issued as prayed for, with ten dollars costs of the appeal.
Potter, J., concurred.
Miller, P. J., dissented.
Order reversed, and a mandamus issued as prayed for, with ten dollars costs of appeal.

 Present, Miller, P. J., and Potter and Parker, JJ.